UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYHEEME R. WOOD, | : | |
| Petitioner | : | No. 4:CV-10-1298 |
| vs. | : | (Petition Filed 06/22/10) |
| | : | (Judge Muir) |
| WARDEN JOHN WETZEL, et al., | : | |
| Respondents | : | |

## MEMORANDUM AND ORDER

June 25, 2010

Ryheeme Wood, an inmate presently confined at the Franklin County Prison, Chambersburg, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). He challenges ongoing state criminal proceedings in the Court of Common Pleas of Franklin County. The petition has been given preliminary consideration and, for the reasons discussed below, the court will dismiss this action without prejudice because there are ongoing state court criminal proceedings. See R. Governing § 2254 Cases R. 4.[1]

---

1. Rule 4 of the Rules Governing § 2254 Habeas Corpus Cases provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court,

## I. Background

Wood was arrested on December 12, 2009, by the Washington Township Police Department and charged with one count of carrying a firearm without a license and one count of a person not to possess a firearm. (Doc. 1, petition). Petitioner was placed in the Franklin County Jail in lieu of $50,000.00 bail. Id. On February 3, 2010, Wood was arraigned in the Franklin County Court of Common Pleas, where he entered a plea of not guilty. Id. His trial was scheduled for May, 2010. Id.

On March 5, 2010, Wood filed a motion to suppress evidence, and on April 27, 2010, he filed his supporting brief. (Doc. 1, Exs. A and B, motion and brief in support).

By Order dated April 29, 2010, the Franklin County Court of Common Pleas granted Wood's motion to suppress. (Doc. 1, Ex. D, Order of Court).

On May 3, 2010, the Commonwealth filed a Notice of Appeal to the Pennsylvania Superior Court. (Doc. 1, Ex. H, Notice of Appeal). The appeal is currently pending. See Commonwealth of Pa. v. Wood, CP-28- CR-0002202-2009, Criminal Docket Sheet.

---

the judge must dismiss the petition and direct the clerk to notify the petitioner."

On May 5, 2010, in response to Wood's motion to reduce bail, the Court denied Wood's motion, directing that bail remain at $50,000.00. (Doc. 1, Ex. F, Order of Court).

By Order dated May 13, 2010, Wood's case was continued to the July trial term. See Commonwealth of Pa. v. Wood, CP-28-CR-0002202-2009, Criminal Docket Sheet.

On June 22, 2010, Wood filed the instant petition for writ of habeas corpus, in which he seeks, inter alia, his "unconditional and immediate release under extraordinary circumstances and miscarriage of justice." (Doc. 1, petition).

## II. **Discussion**

Generally, federal courts must adjudicate all cases and controversies that are properly before them. New Orleans Pub. Serv., Inc. v. City of New Orleans, 491 U.S. 350, 358, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir.1982). In Younger v. Harris, the United States Supreme Court "established a principle of abstention when federal

3

adjudication would disrupt an ongoing state criminal proceeding." Yi Yang v. Tsui, 416 F.3d 199, 202 (3d Cir.2005) (discussing Younger, 401 U.S. 37 (1971)). The Younger Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." Younger, 401 U.S. at 43. Absent extraordinary circumstances,[2] Younger abstention will apply when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, No. 09-1342, --- F.3d ----, 2010 WL 27216, at *3 (3d Cir. January 7, 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir.2005)).

---

2. Even when all requirements are met, Younger abstention is not appropriate when "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute ...." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989). These exceptions are to be narrowly construed. Loftus v. Township of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991). Wood has failed to show that he falls within any of the narrow exceptions to the Younger doctrine.

Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir.1992). It is clear that Wood's claims concerning his ongoing criminal proceedings satisfy the requirements of abstention, and the instant habeas action does not raise the type of extraordinary circumstances contemplated under Younger. Thus, under the present circumstances, the Court concludes that it is appropriate to abstain from entertaining the petition, as abstention is required out of deference to the integrity of the state judicial process. Accordingly, the petition will be dismissed without prejudice.

### III. **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the

5

district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003)."When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate Order accompanies this Memorandum Opinion.


Dated: June 25, 2010          s/Malcolm Muir
                              MUIR
                              United States District Judge


UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RYHEEME R. WOOD,                   :

|                          |   |                          |
|--------------------------|---|--------------------------|
| Petitioner               | : | No. 4:CV-10-1298         |
| vs.                      | : | (Petition Filed 06/22/10)|
|                          | : | (Judge Muir)             |
| WARDEN JOHN WETZEL, et al., | : |                        |
| Respondents              | : |                          |

## ORDER

June 25, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DISMISSED** without prejudice.

2. A certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c).

3. The Clerk of Court is directed to **CLOSE** this case.

                    s/Malcolm Muir  
                    MUIR  
                    United States District Judge